J-A10044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCISCO RIVERA-MONTANEZ | |
| Appellant | No. 834 MDA 2014 |

Appeal from the PCRA Order April 24, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000749-2010

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 22, 2015**

Appellant Francisco Rivera-Montanez appeals from the order of the Cumberland County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

On January 25, 2011, a jury convicted Appellant of two counts of possession with intent to deliver a controlled substance ("PWID") and one count of criminal conspiracy.[1]  On February 1, 2011, the Commonwealth filed notice of its intent to seek a mandatory minimum sentence pursuant to

---

[1] 35 Pa.C.S. § 780-113(a)(30), 18 Pa.C.S. § 903(a)(1), respectively.

18 Pa.C.S. § 7508(a)(2).[2]  On March 22, 2011, the trial court sentenced Appellant to an aggregate sentence of seven-to-ten years' imprisonment.[3]

_____

[2]  18 Pa.C.S. § 7508(a)(2) provides:

> **(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
> . . .
>
> (2) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a narcotic drug shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
> . . .
>
> (ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; and
>
> (iii) when the aggregate weight of the compound or mixture containing the substance involved is at least 100 grams; five years in prison and a fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: seven years in prison and $50,000 or such larger amount as is sufficient to exhaust

*(Footnote Continued Next Page)*

On April 21, 2011, Appellant filed a notice of appeal. This Court affirmed the judgment of sentence on May 11, 2012. Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On July 31, 2012, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on November 16, 2012. On December 10, 2012, the trial court held a hearing and, on February 11, 2013, it denied the petition. On March 13, 2013, Appellant filed a timely notice of appeal. This Court affirmed the denial of the PCRA petition on November 18, 2013.

On December 26, 2013, Appellant filed the instant PCRA petition, his second. The PCRA court appointed the same counsel who represented Appellant for his first PCRA petition. Counsel filed a **Turner/Finley**[4] letter and a request for leave to withdraw as court-appointed PCRA counsel. On March 20, 2014, the PCRA court granted counsel's request to withdraw. On March 27, 2014, the PCRA court issued notice of its intent to dismiss the

---

*(Footnote Continued)* ─────────────

the assets utilized in and the proceeds from the illegal activity.

[3] The court sentenced Appellant to five-to-ten years' imprisonment for the first PWID count, seven-to-ten years' imprisonment for the second PWID count, and five-to-ten years' imprisonment for the conspiracy count. N.T., 3/22/2011, at 3-4. All sentences were concurrent to each other. **Id.** at 4.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On April 8, 2014, Appellant filed a response to the PCRA court's notice and, on April 24, 2014, the PCRA court dismissed the PCRA petition.

On April 30, 2014, Appellant filed a timely notice of appeal. On August 28, 2014, the PCRA court issued its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

Appellant raises the following issue for our review:

> Whether the PCRA court erred in dismissing Appellant's second PCRA petition alleging the sentence imposed is illegal and unconstitutional because it increased the maximum beyond the statutory range based on facts the Commonwealth failed to prove by a preponderance of the evidence without a hearing.

Appellant's Brief at 3.[5]

_____

[5] Although Appellant's statement of questions presented maintains the sentence imposed by the trial court exceeded the statutory maximum, his brief argues the sentence was unconstitutional because the trial court imposed a mandatory minimum. Appellant's Brief at 7-10. Because the sentenced imposed is not beyond the statutory maximum, **see** 35 Pa.C.S. § 780-113(f), and because Appellant's brief argues the mandatory minimum imposed by the trial court is unconstitutional, we interpret Appellant's issue presented to challenge his mandatory minimum sentence.

Further, to the extent Appellant maintains the imposition of the mandatory minimum sentence caused his sentence to exceed the standard sentencing guidelines range, our finding that Appellant's PCRA petition is untimely, and that he cannot challenge the mandatory minimum imposed, precludes review of this issue.

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079; *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after

> the time period provided in this section and has been
> held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  When invoking a time-bar exception, the petition must "be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of conviction became final on June 11, 2012, when the time to seek review by the Supreme Court of Pennsylvania expired.[6]  He had one year from that date, i.e., until June 11, 2013, to file a timely PCRA petition.  Therefore, his current petition, filed on December 26, 2013, is facially untimely.

Appellant alleges two of the PCRA time-bar exceptions apply, the new constitutional-right exception and the governmental-interference exception.

Appellant maintains the mandatory minimum sentences imposed by the trial court are unconstitutional pursuant to **Alleyne v. United States**, –––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and claims **Alleyne** established a new constitutional rule that should be applied retroactively to cases on collateral review.  Appellant's Brief at 7-9.  He further maintains he did not file his PCRA petition within 60 days of the issuance of the **Alleyne**

---

[6] This Court affirmed Appellant's judgement of sentence on May 11, 2012. Appellant had thirty days from that date to appeal to our Supreme Court. Pa.R.A.P. 1113(a).  Thirty days from May 11, 2012 was Sunday, June 10, 2012.  Appellant, therefore, had until Monday, June 11, 2012 to file a timely filed a petition for allowance of appeal to our Supreme Court.  **See** 1 Pa.C.S. § 1908; Pa.R.A.P.107.

opinion due to government interference, reasoning the Commonwealth did not inform him that his sentence was unconstitutional. *Id.* at 9.

"[A] new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super.2014) (citing *Commonwealth v. Phillips,* 31 A.3d 317, 320 (Pa.Super.2011)).

"In *Alleyne,* the Supreme Court [of the United States] held that 'facts that increase mandatory minimum sentences must be submitted to the jury' and must be found beyond a reasonable doubt." *Miller*, 102 A.3d at 994 (quoting *Alleyne,* 133 S.Ct. at 2163). Neither the Supreme Court of the United States nor our Supreme Court, however, has found *Alleyne* to apply retroactively to cases on collateral review. *Id.* at 995. Appellant, therefore, fails to establish the new constitutional-right exception to the PCRA time-bar.[7] *See id.* (appellant failed to establish new constitutional-right exception based on *Alleyne*).

Because Appellant filed his PCRA petition after the PCRA time-bar expired and because Appellant fails to establish any exception to the time-

---

[7] Because we find Appellant does not establish *Alleyne* created a new constitutional right that applied retroactively, we need not address his claim that government interference prevented him from filing his PCRA petition within 60 days of the issuance of the *Alleyne* opinion.

bar, the PCRA court properly dismissed Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/2015